**WILMINGTON TRUST COMPANY, Trustee of Trusts under agreement with Eugene E. Dupont, Trusts Nos. 3041 and 3042, Petitioner-Appellant Below, Appellant,**

**v.**

**STATE TAX COMMISSIONER, Respondent-Appellee Below, Appellee.**

Supreme Court of Delaware.

March 9, 1971.

Rodney M. Layton and Thomas P. Sweeney, of Richards, Layton & Finger, Wilmington, for appellant.

Edward J. Wilson, Deputy Atty. Gen., for the State Tax Commissioner, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

This appeal from Superior Court has been taken by Wilmington Trust Company, as Trustee of two trust agreements. The appeal concerns a tax upon certain monies received by the Trustee in the years 1962 and 1964. The question raised is whether that tax was properly "assessed" within the statutory period under 30 Del.C. § 1181(b), which reads in part as follows:

"If the Tax Department discovers from the examination of the return or otherwise that tax on the income of any taxable, or any portion thereof, has not been assessed, it may, at any time within three years after the time when the return was due, or if not filed on the due date within three years from the date the return was filed, assess the tax on the same and give notice to the taxable of such assessment and at the termination of 30 days, the additional tax determined by the Tax Department shall be due and payable unless the taxable or his agent or attorney shall have within said 30 days, filed complaint or appeal in writing over his signature from the assessment of the Tax Commissioner and

requested a hearing before the Tax Board. * * *"

The receipt of these monies was reported to the State Tax Department by the Trustee in due course, but no tax was paid because of the Trustee's belief that the payments were capital items not taxable as income. The State Tax Commissioner came to the conclusion that they were taxable, and shortly before the end of the three-year period after the return was filed, wrote letters to the Trustee in the following form:

"In accordance with the provisions of Title 30, Section 1181, of the Delaware Code of 1953, notice is given that the determination of your income tax liability for the year shown above discloses a deficiency of $26,657.60.

"IF YOU AGREE to this determination, please sign the enclosed Agreement Form and return it promptly to this office. An addressed envelope is enclosed for this purpose. The signing and filing of this Agreement will permit an early assessment of the deficiency and will limit the accumulation of interest.

"IF YOU DO NOT AGREE, and do not sign and return the enclosed Form, the deficiency will be assessed for collection, as required by law, upon the expiration of thirty (30) days from the date of this letter, unless within that time you contest this determination by filing a complaint or an appeal in writing with the Secretary of the Tax Board of the State of Delaware, requesting a hearing before that Board for relief from the assessment.

"A copy of the Rules of the State Tax Board may be obtained by writing the Secretary."

Attached to each letter was an "Audit Report," showing how the amount of tax had been computed.

It is the contention of the appellant that the papers received by it did not comply with the requirements of the Act in that they did not inform the Trustee that the Department had actually assessed the tax. The Trustee accordingly filed no complaint with the Tax Commissioner, nor did it request a hearing before the Board within thirty days from the receipt of the letters above referred to. Its explanation is that the letters did not constitute an assessment and that, in its opinion, no appeal could be taken to the Tax Department until the tax had actually been "assessed." Not long after the letters were received, the three-year period expired. Later, presumably after the Commissioner began to press for payment, the Trustee claims, it realized for the first time that the Commissioner considered the letters to be an assessment, whereupon the Trustee appealed to the Tax Board, contending, *inter alia*, that the tax had never been truly "assessed" within the meaning of the statute; that the three-year limitation period had expired; and that the tax, assuming it would have been otherwise owed, was uncollectible.

The Department agrees, as it must, that the letters quoted above are not as precise in their language as they might be, but contends that they sufficed to make known to the Trustee that the tax had been assessed. The Tax Board upheld the Commissioner's contention; its ruling was affirmed by the Superior Court. Both the Board and the Court agreed, however, that the letters were ambiguous; the Board stated that, "irrespective of its technical adequacy, * * * it was not a model of clarity." It then went on to point out that there was no justification for the Commissioner's failure to make his intent absolutely clear to the taxpayer.

■ The words "assessment" and "assess" as used in this Code section obviously refer to the actual fixing of a certain sum due as a tax. Unless such an assessment is made within three years after the return was due, or after the date the return was filed, as the case may be, and the taxable notified thereof, the Commissioner's power

to make the assessment ceases, except in instances of fraud, gross understatement, or failure to file a return.

We think that compliance with the provisions of § 1181 requires an unambiguous notice to a taxable that the tax has been assessed. The taxable should not be compelled to guess about so important a matter. In the present instance, the letters were ambiguous; the interpretation placed upon them by the Trustee at the time of their receipt is just as reasonable as that which the Commissioner had in mind.

The first paragraph gives notice that the "determination of your income tax liability discloses a deficiency of $26,657.60." That paragraph does not expressly say that it has been assessed as the statute requires. The second paragraph tells the taxable what to do if it agrees with the determination, and that the signing and filing of an agreement form will permit "an early assessment of the deficiency," language which is inconsistent with the thought that the assessment had definitely been made. The third paragraph emphasizes this view by saying that, if the Trustee does not agree, "the deficiency will be assessed upon the expiration of thirty days," unless the Trustee filed a complaint or an appeal within that time. Surely a reasonable interpretation of the letter is fully consistent with the view that the Commissioner was informing the Trustee that he planned to make the assessment suggested therein at the end of thirty days, in the absence of a complaint or appeal. The statement that an assessment would be made in the future negates the idea that the assessment had been made.

We are accordingly of the opinion that the position taken in this case by the Trustee is correct. We are not here interested primarily in what the Commissioner intended to say, but rather in what the Trustee justifiably understood from the letters themselves. The fault lies with the Commissioner, not the Trustee. The statutory notice was not given within the required period.

The judgment in the Court below must be reversed.